IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLARD CROSS, # S-03375, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-150-MJR |
| | ) |
| MR. ROGERS | ) |
| and DR. SHAH, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving an eleven-year sentence for a drug offense. He claims that Defendants were deliberately indifferent to a serious medical condition.

More specifically, Plaintiff claims that on January 5, 2014, while he was working in the prison dietary unit, he suffered a severe cut to his hand. Plaintiff's flesh in between his thumb and index finger was "cut to the bone," exposing "tendons and the white meat" (Doc. 1, pp. 4-5, 8). He was promptly sent to the Health Care Unit and treated by a nurse, who bandaged the wound (this nurse is not identified or included as a Defendant in the complaint). The nurse told Plaintiff that she wished she could give him stitches, but she could not perform that procedure. Nobody was present who could stitch the wound, and the nurse scheduled Plaintiff to see the doctor the next day. However, Plaintiff was not called back for his doctor visit until two days had passed. At that time, a nurse informed Plaintiff that the cut could not be stitched after 24 hours (Doc. 1, p. 4).

Plaintiff asserts that the nurse unreasonably delayed his access to proper medical care, and he was denied necessary treatment as a result. He seeks compensatory and punitive damages from Defendant Rogers (the Health Care Unit Administrator) and Defendant Shah (the prison doctor).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

After fully considering the allegations in Plaintiff's complaint, the Court concludes that the complaint fails to state a constitutional claim upon which relief may be granted. It shall therefore be dismissed without prejudice.

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary

malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff describes an injury that clearly required medical attention. The complaint thus satisfies the objective component of an Eighth Amendment claim. The remaining question is whether Plaintiff's prison medical providers acted or failed to act with deliberate indifference to a known risk of serious harm. This is where Plaintiff's claim falls short.

The pleading fails to describe how either of the named Defendants bore responsibility for the delay in getting Plaintiff to a doctor in time to obtain stitches. In fact, Plaintiff does not mention Defendants Rogers or Shah at all in his statement of claim. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

The fact that Defendant Rogers and/or Defendant Shah may have held a supervisory position over the nurse or over the Health Care Unit is not sufficient for liability to attach. The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged that either of these Defendants was "personally responsible for the deprivation of a constitutional right." *Id.* For these reasons, Plaintiff fails to state a claim against Defendant Rogers or Defendant Shah.

Instead, Plaintiff blames the unidentified nurse for the two-day delay in calling him back to the Health Care Unit for a follow-up visit. The facts described in the complaint, however, do not suggest that the nurse was deliberately indifferent to Plaintiff's condition. She gave prompt treatment for his injury and scheduled an appointment with the doctor. As for the failure to call Plaintiff back for his appointment within 24 hours, nothing indicates that this delay was anything more than negligence or inadvertence on the part of the unnamed nurse or some other health care employee.

For these reasons, the complaint shall be dismissed for failure to state a constitutional claim upon which relief may be granted. However, Plaintiff shall be allowed an opportunity to submit an amended complaint, to present any factual allegations that may exist to support a claim for deliberate indifference to his medical needs. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g). The amended complaint shall be subject to review pursuant to § 1915A.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be held in abeyance pending the receipt of an amended complaint.

The motion for service of process at government expense (Doc. 4) is **DENIED.** It is not necessary for a Plaintiff who has been granted leave to proceed *in forma pauperis* to file such a motion. If Plaintiff submits an amended complaint that survives threshold review under § 1915A, the Court will order service.

**Disposition**

**IT IS HEREBY ORDERED** that the complaint (Doc. 1) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support his claim for deliberate indifference to medical needs, and naming the individual Defendant(s) directly responsible for the alleged constitutional deprivations, within 35 days of the entry of this order (on or before **April 9, 2014**).  An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

Failure to file an amended complaint shall result in the dismissal of this action with prejudice.  Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: March 4, 2014**

                                             s/ MICHAEL J. REAGAN
                                             United States District Judge