**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CLARD CROSS, # S-03375,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-150-MJR** |
| | ) | |
| **M. ROGERS,** | ) | |
| **and DR. SHAH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

This matter is before the Court for threshold review of Plaintiff's First Amended Complaint (Doc. 11), filed March 25, 2014.  Plaintiff's original complaint was dismissed on March 5, 2014 (Doc. 9), for failure to state a claim upon which relief may be granted, and he was given leave to file an amended complaint.

The events giving rise to the complaint occurred in Pinckneyville Correctional Center ("Pinckneyville").  Plaintiff was recently transferred to Vandalia Correctional Center, where he is currently incarcerated (Doc. 13).

### <u>The First Amended Complaint (Doc. 11)</u>

Plaintiff's allegations herein are substantially the same as in the original complaint, however, he now clarifies that the previously-unnamed nurse who initially treated his injury was in fact Defendant Rogers.  Based on the amended complaint, it is also clear that this Defendant should be designated as "M. Rogers" (a nurse) – not "Mr. Rogers" (the Health Care Unit Administrator), as this party had been described in the original complaint.

In addition to filing the amended complaint, Plaintiff submitted a copy of the

grievance he filed over the incident and the response he received (Doc. 12).

On January 5, 2014, while he was working in the prison dietary unit, Plaintiff suffered a severe cut to his hand. The flesh was "cut to the bone," which left "white meat and tendons showing" (Doc. 11, p. 5). He was promptly sent to the Health Care Unit and treated by Defendant Nurse Rogers, who bandaged the wound. Defendant Rogers told Plaintiff that she wished she could give him stitches, but she could not perform that procedure. Nobody was present who could stitch the wound, and Defendant Rogers told Plaintiff she would schedule him to see the doctor the next day. However, Plaintiff was not called back for his doctor visit until two days had passed. At that time, a nurse practitioner (A. Rector, who is not named as a Defendant) informed Plaintiff that the wound could not be stitched after 24 hours (Doc. 11, p. 5).

Plaintiff asserts that Defendant Rogers knew the severity of his wound, yet failed to put him on the list to see the doctor in a timely fashion, either through negligence or deliberate indifference. This action caused an unreasonable delay in Plaintiff's access to proper medical treatment, thus he was never able to get stitches. He levels the same accusation against Defendant Doctor Shah. Both Defendant Shah and Defendant Rogers signed a medical lay-in sheet authorizing Plaintiff to be absent from his work assignment due to the injury. Plaintiff faced a risk of infection, and suffered pain and impairment in his ability to conduct normal tasks as a result of the inadequate treatment.

He seeks damages from Defendants Rogers and Shah, as well as an order requiring him to receive proper medical treatment during the remainder of his incarceration (Doc. 11, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the

complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Rogers for deliberate indifference to his medical needs, which shall receive further review.  Plaintiff alleges both that Defendant Rogers was negligent (which does not violate the Constitution), *see Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008), and that she was deliberately indifferent to a known risk of serious harm to him if he was unable to get stitches in time.  Further factual development is required in order to determine whether, as Plaintiff alleges, Defendant Rogers knew of the risks he faced yet deliberately failed to take the necessary steps for him to see the doctor in a timely fashion.  Accordingly, Plaintiff may proceed on the deliberate indifference claim against Defendant Rogers.

However, Plaintiff's allegations fail to state a claim upon which relief may be granted against Defendant Shah.  Plaintiff does not state that he ever had any personal contact with Defendant Shah, sent him a request for treatment, or took any other action which might have made Defendant Shah aware of his need to have the wound stitched within 24 hours of his injury.  The only mention of Defendant Shah's involvement in Plaintiff's treatment is that he signed the medical lay-in form to allow Plaintiff's absence from work during his recovery.  In fact, the allegation that Defendant Rogers failed to place Plaintiff on the doctor-call list indicates that Defendant Shah was ignorant of the risks Plaintiff faced if his treatment were delayed.  A defendant cannot be deliberately indifferent to an inmate's medical needs unless that defendant "knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk."  *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations

omitted).   The complaint simply fails to suggest that Defendant Shah had the requisite knowledge to support a claim for deliberate indifference against him.  Accordingly, Defendant Shah shall be dismissed from the action without prejudice.

Finally, the Court notes that Plaintiff's request for injunctive relief to ensure proper medical care in the future is not cognizable in this action due to the fact that Plaintiff has been transferred away from Pinckneyville and is no longer under the care of the named Defendants.   "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004).  *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995).  Only if Plaintiff can show a realistic possibility that he would again be incarcerated at Pinckneyville under the conditions described in the complaint, would it be proper for the Court to consider injunctive relief.  *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

## Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to a United States Magistrate Judge for further consideration.

## Disposition

The Clerk is **DIRECTED** to correct Defendant **ROGERS'** information to reflect the name of "M. Rogers" (nurse) instead of "Mr. Rogers."

**IT IS HEREBY ORDERED** that Defendant **SHAH** is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendant **ROGERS**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of

Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

**IT IS SO ORDERED.**

**DATED: May 2, 2014**

s/ MICHAEL J. REAGAN
United States District Judge