IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLARD CROSS, ) | |
|                    ) | |
|     Plaintiff, ) | |
|                    ) | |
| v. ) | Case No. 3:14-CV-150-NJR-DGW |
|                    ) | |
| NURSE M. ROGERS, ) | |
|                    ) | |
|     Defendant. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a).  For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Defendant, Mary Roger ("Nurse M. Rogers") (Doc. 25) be **GRANTED** and that the Court adopt the following findings of fact and conclusions of law.

FINDINGS OF FACT

Plaintiff, Clard Cross, an inmate currently confined at the Vandalia Correctional Center, filed an Amended Complaint on March 25, 2014 (Doc. 11) pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights.  Plaintiff complains that on January 5, 2014, while he was incarcerated at the Pinckneyville Correctional Center, he suffered a severe cut to his hand that he believed necessitated stitches.  When he was taken to the Health Care Unit at the prison

he was examined by Defendant Mary Rogers, a nurse, who bandaged his wound and indicated that he would be scheduled to see the doctor the next day.  Instead, Plaintiff was seen by a nurse practitioner two days later who told him that the wound could not be stitched because more than 24 hours had elapsed since the injury.  Plaintiff asserts that he suffered pain and impairment due to the lack of adequate medical care.

In his Amended Complaint, Plaintiff states that he grieved the matter (while he was incarcerated at Pinckneyville Correctional Center) by sending a grievance to his counselor (Doc. 11, p. 4).  He further indicates that the grievance has not been returned to him and that it has "been over a month since I turned in the Grievance" (*Id.*).  The undisputed evidence reveals that Plaintiff filled out a grievance on January 10, 2014 in which he complained about the medical care he received on January 5, 2014 (Doc. 26-1, p. 5).  The grievance was not labeled an emergency.  His counselor responded on February 13, 2014 (Doc. 26-2, p. 3), the grievance officer responded on March 4, 2014 by denying the greivance, and the Warden concurred on March 10, 2014 (*Id.* p. 2).  The Administrative Review Board ("ARB") received an appeal of the grievance on April 2, 2014 and it is still pending with the ARB as of June 27, 2014 (Doc. 26-3).  In his brief response to the Motion for Summary Judgment, filed on August 1, 2014, Plaintiff acknowledges that "Springfield is reviewing the grievance" (Doc. 28).

In light of the undisputed evidence, and evidentiary hearing on the issue of exhaustion, as outlined in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), is unnecessary.

### CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."

FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

> The Prison Litigation Reform Act provides:
>
> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an

affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. §504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.*, §

504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840.

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

It is undisputed that Plaintiff filed a grievance on January 10, 2014 and that the institution responded on March 10, 2014, two weeks prior to the filing of the Amended Complaint. It is also undisputed that Plaintiff appealed to the ARB and that the grievance currently is pending before that body. The Illinois Administrative Code provides that the ARB should provide a

response "within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances." ILL. ADMIN. CODE TIT. 20, § 504.850(f). Instead of waiting for a response from the ARB, Plaintiff elected to file suit. Plaintiff has not exhausted his administrative remedies, which is a precondition to suit. This matter must be dismissed, without prejudice, even if the ARB has provided a response during the pendency of this matter. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). ("these [exhaustion] rules routinely are enforced . . . by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending").

## RECOMMENDATIONS

For the foregoing reason, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Defendant, Mary Rogers, be **GRANTED** (Doc. 25) and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: September 23, 2014**

          **DONALD G. WILKERSON**
          **United States Magistrate Judge**