IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CLARD CROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-CV-150-NJR-DGW |
| | ) | |
| MARY ROGERS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 32), recommending that Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 25) be granted, and that this matter be dismissed without prejudice.

Plaintiff Clard Cross, an inmate in the Illinois Department of Corrections, filed this lawsuit on February 11, 2014, alleging that Mary Rogers and Dr. Vipin Shah were deliberately indifferent to his serious medical needs while he was incarcerated at Pinckneyville Correctional Center (Doc. 1; Doc. 11). The Court conducted a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, and Plaintiff's claim against Ms. Rogers survived threshold review (Doc. 15). On July 3, 2014, Ms. Rogers moved for summary judgment arguing that Cross failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) (Doc. 25). Plaintiff filed a timely response in opposition to the motion for summary judgment (Doc. 28).

Magistrate Judge Wilkerson determined that an evidentiary hearing on the issue of exhaustion as outlined in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), was unnecessary (Doc. 32).  On September 23, 2014, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 53).  Objections to the Report and Recommendation were due on or before October 10, 2017.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b).  Neither party filed an objection.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation.  28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).  However, where neither timely nor specific objections to the Report and Recommendation are made, this Court need not conduct a *de novo* review of the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985).  Instead, the Court should review the Report and Recommendation for clear error.  *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).  The judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The Court has carefully reviewed the briefs and exhibits submitted by the parties, as well as, Judge Wilkerson's Report and Recommendation.  Following this review, the Court fully agrees with the findings, analysis, and conclusions of Judge Wilkerson and adopts the Report and Recommendation in its entirety.

Plaintiff filed a grievance on January 10, 2014 in which he complained about the medical care he received from Ms. Cross.  Under the Illinois Administrative Code, the

prison had two months to respond to Plaintiff's grievance.  ILL. ADMIN. CODE tit. 20, § 504.830.  But Plaintiff gave the prison only one month to respond before he filed his lawsuit on February 11, 2014.  On March 10, 2014, which was the deadline for responding under the Illinois Administrative Code, the Warden of Pinckneyville Correctional Center responded to Plaintiff's grievance and denied it.  It is clear that Plaintiff filed his lawsuit prior to allowing the Chief Administrative Officer time to respond, or before the time limit for a response expired.  It is well established that an inmate cannot file suit first, then reach administrative exhaustion second.  *See Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005).   Because Plaintiff did not fully exhaust his administrative remedies prior to filing suit, the case must be dismissed.

For this reason, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 32), and **GRANTS** Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 25).  This case is **DISMISSED** without prejudice for failure to exhaust administrative remedies.  The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   November 3, 2014

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**